UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIPE ZACARIAS-MERCADO,<br><br>Defendant. | No.  1:20-cr-00033-NODJ-BAM<br><br>ORDER DENYING DEFENDANT'S THIRD MOTION FOR A REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. No. 28, 36, 38) |

Pending before the court is defendant Felipe Zacarias-Mercado's third motion for a reduction of his sentence and compassionate release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 38.)  In his most recent motion defendant Zacarias-Mercado argues: (1) that his medical conditions coupled with the coronavirus ("COVID-19") pandemic provide extraordinary and compelling reasons for his release from confinement and (2) the offense to which he pled guilty and was sentenced, being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2), violates his right to Equal Protection guaranteed under the Fifth Amendment because the statute was enacted with a discriminatory purpose and has "a disparate impact on Latinx persons."  (*Id.* at 2–4, 5–12.)  On January 30, 2023, the government filed its opposition to the pending motion in which it is persuasively argued that, just as was the case with his two prior motions for compassionate release, defendant has presented no basis upon

1

which the relief he requests should be granted. Although a time was set by the court for the filing of a reply in support of his motion (Doc. No. 41), defendant elected not to reply to the government's opposition. For the reasons explained below and in the government's opposition, defendant's third motion for a sentence reduction and compassionate release will be denied.

The court addressed in its prior orders denying relief the relevant background as well as the legal standards applicable to the pending motion. (Doc. Nos. 26, 37.) Those aspects of the court's prior orders in this case will not be repeated here but rather are incorporated by reference. In short, on June 8, 2020, defendant Zacarias-Mercado entered a plea of guilty to a violation of § 1326, waived his right to full pre-sentence report, agreeing instead to be sentenced based upon a pre-plea report on the same day as his change of plea, and was immediately sentenced, as contemplated by the parties' plea agreement, to a term of 46 months imprisonment in the custody of the U.S. Bureau of Prisons ("BOP"). (Doc. Nos. 15, 16.) According to the U.S. Bureau of Prisons inmate locator, defendant is currently incarcerated at FCI Victorville, with a scheduled release date of September 25, 2024.

In his previously rejected motions for compassionate release defendant Zacarias–Mercado argued that his medical conditions, including diabetes, in conjunction with the presence of COVID-19 at his place of incarceration provided compelling and extraordinary circumstances justifying the granting of relief. In response to both of those prior motions, the court fully considered defendant's arguments but found that he had presented no evidence that his medical conditions could not be adequately addressed at his place of confinement and that he had failed to meet his burden of demonstrating extraordinary and compelling reasons for his compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 26 at 10; 37 at 9–10.) Although defendant Zacarias–Mercado's place of confinement has changed since the court's prior orders were issued, the circumstances previously noted by the court have not. Indeed, according to the U.S. Bureau of Prisons as of Tuesday, January 16, 2024 there are no open cases of COVID-19 being reported at FCI Victorville. *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp. Accordingly, defendant is not entitled to relief pursuant to § 3582(c)(1)(A) based upon his

/////

medical conditions and the risk currently posed by COVID-19 at his place of incarceration.[1]

As to defendant's constitutional challenge to his offense of conviction, 8 U.S.C. § 1326, it is clear that a federal prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence, because such claims are cognizable under § 2255, not under § 3582(c).  *See United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023); *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021).  Therefore, defendant is not entitled to relief under § 3582 as to this aspect of his pending motion.[2]

Because defendant Zacarias–Mercado has failed to demonstrate that "extraordinary and compelling" reasons exist justifying his release under 18 U.S.C. § 3582(c)(1)(A) or that his release from imprisonment at this time would be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), his third motion for compassionate release (Doc. No. 38) is denied.  Defendant's motion for an expedited resolution of his second motion for compassionate release (Doc. No. 36) and the government's motion for an extension of time (Doc. No. 28) are denied as having been rendered moot by the court's February 7, 2022 order (Doc. No. 37).  Finally, the Clerk of the Court is directed to again close this case.

IT IS SO ORDERED.

Dated:  **January 18, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] The court also stated in those two prior orders that it was not persuaded that the requested reduction in sentence would be consistent with consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a).  (Doc. Nos. 26 at 11–14; 37 at 10–12.)  That too remains unchanged as of today.

[2] The court also notes that even if brought in a § 2255 motion, such a claim would appear to be foreclosed under current binding Ninth Circuit precedent.  *See United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023).